Copy Mailed by First Class Mail
to Steven Martinez, Reg. # 45757-019
USP-McCreary, P.O. Box 3000
Pine Knot, Kentucky 42635

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

United States of America,

    v.

Steven Martinez (03),

        Defendant.
------------------------------x

95-CR-284-03 (LAK)

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        In his October 18, 2024 letter to the Court, defendant Steven Martinez requests appointment of counsel in order to file a motion for compassionate release. Attached is a blank financial affidavit form that the defendant must complete and submit to the Court before being considered for appointment of counsel.

SO ORDERED.

Dated:      January 2, 2025

                                                Lewis A. Kaplan
                                         United States District Judge

SDNY
CJA-23
(Rev 3/21)

# FINANCIAL AFFIDAVIT
IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

| IN THE UNITED STATES | ☐ DISTRICT COURT | ☐ COURT OF APPEALS | ☐ OTHER *(Specify Below)* | | LOCATION NUMBER |
|---|---|---|---|---|---|
| IN THE CASE OF | | | FOR | | |
| | V. | | AT | | |

| PERSON REPRESENTED *(Show your full name)* | | 1 ☐ Defendant - Adult | DOCKET NUMBERS |
|---|---|---|---|
| | | 2 ☐ Defendant - Juvenile | Magistrate Judge |
| | | 3 ☐ Appellant | |
| | | 4 ☐ Probation Violator | District Court |
| | | 5 ☐ Supervised Release Violator | |
| CHARGE/OFFENSE *(Describe if applicable & check box→)* | ☐ Felony | 6 ☐ Habeas Petitioner | Court of Appeals |
| | ☐ Misdemeanor | 7 ☐ 2255 Petitioner | |
| | | 8 ☐ Material Witness | |
| | | 9 ☐ Other *(Specify)* _____ | |

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| INCOME & ASSETS | EMPLOYMENT | Do you have a job? ☐ Yes ☐ No<br>IF YES, how much do you earn per month? _____ Will you still have a job after this arrest? ☐ Yes ☐ No ☐ Unknown |
|---|---|---|
| | PROPERTY | Do you own any of the following, and if so, what is it worth?<br>　　　　　　　APPROXIMATE VALUE　　DESCRIPTION & AMOUNT OWED<br>Home　　　　$_____　　_____<br>Car/Truck/Vehicle $_____　　_____<br>Boat　　　　$_____　　_____<br>Stocks/bonds $_____　　_____<br>Other property $_____　　_____ |
| | CASH & BANK ACCOUNTS | Do you have any cash, or money in savings or checking accounts? ☐ Yes ☐ No IF YES, give the total approximate amount after monthly expenses $_____ |

| OBLIGATIONS, EXPENSES, & DEBTS | How many people do you financially support? _____ |
|---|---|
| | **BILLS & DEBTS**　　**MONTHLY EXPENSE**　　**TOTAL DEBT**<br>Housing　　　　　　$_____　　$_____<br>Groceries　　　　　$_____　　$_____<br>Medical expenses　$_____　　$_____<br>Utilities　　　　　　$_____　　$_____<br>Credit Cards　　　　$_____　　$_____<br>Car/Truck/Vehicle　$_____　　$_____<br>Childcare　　　　　$_____　　$_____<br>Child Support　　　$_____　　$_____<br>Insurance　　　　　$_____　　$_____<br>Loans　　　　　　　$_____　　$_____<br>Fines　　　　　　　$_____　　$_____<br>Other　　　　　　　$_____　　$_____ |

I certify under penalty of perjury that the foregoing is true and correct.

_____　　　　Date _____
SIGNATURE OF DEFENDANT (OR PERSON SEEKING REPRESENTATION)

☐ APPROVED　　☐ DENIED

_____
FD/CJA/RET. ATTORNEY　　　　　　　　　(PRINT)

_____　　_____　　_____
ASSISTANT UNITED STATES ATTORNEY　　(PRINT)　　SIGNATURE OF JUDICIAL OFFICER　　DATE

## Instructions for CJA Form 23 Financial Affidavit

In every type of proceeding where appointment of counsel is authorized under 18 U.S.C. § 3006A(a) and related statutes, the United States magistrate judge or the court shall advise the person of their right to be represented by counsel and that counsel will be appointed if the person is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate judge or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent the individual.

Determination of eligibility for representation under the CJA is a judicial function, however the court may designate court employees to obtain or verify the facts relevant to the financial eligibility determination. Employees of law enforcement agencies, including the United States Attorney's Office, should not participate in the completion of the financial affidavit or seek to obtain information concerning financial eligibility from a person requesting the appointment of counsel. When practicable, employees of the federal public defender office should discuss with the person who indicates that he or she is not financially able to secure representation the right to appointed counsel and, if appointment of counsel seems likely, assist in completion of the financial affidavit.

Counsel must be appointed if the person seeking representation is "financially unable to obtain counsel." 18 U.S.C. §3006A(b). (While courts often use "indigency" as a shorthand expression to describe financial eligibility, indigency is not the standard for appointing counsel under the Criminal Justice Act.) In determining whether a person is "financially unable to obtain counsel," consideration should be given to the cost of providing the person and his or her dependents with the necessities of life, the cost of securing pretrial release, asset encumbrance, and the likely cost of retained counsel. The initial determination of eligibility must be made without regard to the financial ability of the person's family to retain counsel, unless their family indicates willingness and ability to do so promptly. Any doubts about a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time. For additional guidance, see the *Guide to Judiciary Policy*, Volume 7A, Guidelines for Administering the CJA and Related Statutes (*CJA Guidelines*).

The CJA Form 23 is not a required statutory form. It is an administrative tool used to assist the court in appointing counsel. When a colorable claim is asserted that disclosure to the government of a completed CJA 23 would be self-incriminating, the

court may not adopt an unconditional requirement that the defendant complete the CJA 23 before his application for appointment of counsel will be considered. To do so may place the defendant in the constitutionally untenable position of having to choose between his Sixth Amendment right to counsel and his Fifth Amendment privilege against self-incrimination. Two approaches that courts have taken to resolve these competing concerns are: (i) through *in camera* examination of the financial affidavit, which then would be sealed and not be made available for the purpose of prosecution, or (ii) through an adversarial hearing on the defendant's request for appointment of counsel, during which the court would grant use immunity to the defendant's testimony at the hearing.

Pursuant to Judicial Conference policy, financial affidavits seeking the appointment of counsel should not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access. If the financial affidavit is docketed it should be filed under seal. See, *Guide to Judiciary Policy,* Vol. 10, §340, Judicial Conference Policy on Privacy and Public Access to Electronic Case Files (March 2008) and Administrative Office of U.S. Courts Information Bulletin on Revised Judicial Conference Privacy Policy (May 2008).

For questions on the use of this form or instructions, please contact the Defender Services Office, Legal and Policy Division at 202-502-3030.